# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-102-CVE-4 |
| SHAUNI BREANNE CALLAGY, | |
| Defendant. | |

## PROTECTIVE ORDER

Upon the unopposed motion of the United States for a protective order (Dkt. #28), the Court is fully advised as to the nature of this case and the applicability of Rule 6(e) of the Federal Rules of Criminal Procedure to certain materials requested by the Defendant. The Court finds that the government must provide discovery and investigative materials, to include grand jury matters, for purposes of the trial of the above-captioned case. The Court further finds that these materials include matters relating to confidential informants and cooperating witnesses and that dissemination of these materials may create safety concerns for the confidential informants and cooperating witnesses. Accordingly, the Court issues this protective order as follows:

IT IS HEREBY ORDERED that the Government attorneys are protected if they disclose to counsel for the above, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963).

IT IS FURTHER ORDERED that the government provide grand jury and other investigative materials for purposes of the trial of the above-captioned case; and that they are not to be disseminated for any other purpose. The Court prohibits the defense from showing discovery and investigative materials produced by the government to anyone with the exception of the Defendant, attorney of record in this case, and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial. As a general matter, defense counsel shall not reproduce the discovery or investigative materials for dissemination to any persons or parties, including the Defendant, except for those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial, and shall maintain complete custody and control over them, including all copies. The attorney for the Defendant and the Defendant are bound by the secrecy in reference to dissemination of discovery and other investigative materials, to include grand jury materials. There is nothing in the Court's order to prohibit counsel from discussing the case with co-counsel.

IT IS FURTHER ORDERED that the government shall provide discovery and investigative materials to defense counsel without redaction.

IT IS FURTHER ORDERED that defense counsel is prohibited from sharing un-redacted copies of discovery and investigative materials with the defendant or others outside the defense team, meaning defense counsel shall not provide or give copies of discovery or investigative materials provided by the government to the defendant. Defense counsel may facilitate the defendant's review of these materials by allowing the defendant to review copies of these materials during attorney-client visits. Under no circumstances shall a defendant be allowed to keep or maintain a copy of these materials.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge