# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 21-CR-0102-CVE-03 |
|  | ) 21-CR-0102-CVE-04 |
| GENE OLEN CHARLES RAST, | ) |
| SHAUNI BREANNE CALLAGY | ) |
| Defendants. | ) |

## ORDER

Now before the Court are two joint motions for continuance of events in the scheduling order (Dkt. ## 41, 42), submitted by plaintiff and defendants Gene Olen Charles Rast and Shauni Breanne Callagy, respectively.[1] The parties request a 30-day continuance of the jury trial set for June 21, 2021, and all other dates in the scheduling order. Both defendants have executed speedy trial waivers (Dkt. ## 43, 40).

On March 24, 2021, a grand jury returned an indictment charging defendant Gene Olen Charles Rast with two counts: possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) (Dkt. # 2 at 6); and possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (id. at 7); and charging defendant Shauni Breanne Callagy with three counts: drug conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) (id. at 1-2); and two counts of maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 856(a)(1) and 856(b) (id. at 3-4).

---

[1] There are four defendants named in the indictment; however, the first two defendants are currently fugitives. Dkt. # 2.

The parties request a 30-day continuance of all dates in the scheduling order, including a request for a July jury trial. Plaintiff states that parties have recently engaged in good-faith negotiations about a possible pretrial resolution of the charges facing each defendant, and seek additional time to negotiate. Dkt. ## 41, at 1-2; 42, at 1-2. Defendants have filed speedy trial waivers to accommodate that continuance. Dkt. ## 40, 43.[2]

The parties' request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this

---

[2] This Court's July docket is the week of July 12, 2021. As defendants speedy trial waivers extend only to July 19, 2021, the Court has set this matter for trial on July 12, 2021. Should the parties require additional time, the parties should submit a motion requesting another continuance and speedy trial waivers that reflect that additional continuance. The parties are advised that this Court's August trial docket is August, 9, 2021.

2

should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

In this case, the parties represent that they are currently in the midst of good-faith negotiations regarding the resolution of this matter. Dkt. ## 41, at 1-2; 42, at 1-2. Given the factors cited by plaintiff, the Court finds that an ends of justice continuance is appropriate under the circumstances. The parties' request for additional time to negotiate and to prepare for trial is reasonable, and defendants have executed speedy trial waivers (Dkt. ## 40, 43) asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the two joint motions for continuance of events in the scheduling order (Dkt. ## 41, 42) are **granted**. The pretrial set for May 26, 2021 and jury trial set for June 21, 2021 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 2, 2021 |
| Responses due: | June 16, 2021 |
| **PT/CP/Motions Hearing:** | **June 30, 2021 at 11:00 a.m.** |

Voir dire, jury instructions, and trial briefs due: July 6, 2021

**Jury Trial:** **July 12, 2021 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that the time from June 21, 2021, inclusive, to July 12, 2021, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 25th day of May, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE